WILLIAM F. BURKE AND EDMUND B. HOURIGAN, AS CO-PARTNERS TRADING UNDER THE FIRM NAME OF BURKE, SHERIDAN & HOURIGAN, PLAINTIFFS, v. FREDERICK R. HOFFMAN AND BERNARD J. BERGTON, TRADING UNDER THE FIRM NAME AND STYLE OF B. J. BERGTON, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 8, 1958.

*Messrs. Burke, Sheridan & Hourigan,* attorneys *pro se.*

*Messrs. Merrey & Merrey,* attorneys for defendant Frederick R. Hoffman.

*Mr. Warren Dixon, Jr.,* attorney for defendant Bernard J. Bergton.

GRIMSHAW, J. S. C.   On June 28, 1955 Franmar Realty Company, Inc., being the owner of several tracts of land in the Township of Teaneck, appointed the defendant Bergton as its exclusive agent for the sale of seven of the parcels of land.  The corporation agreed to pay to Bergton a commission of $350 on the sale of each house, which commission was payable on the date of closing.  The agreement is as follows:

"In consideration of your listing and undertaking the sale of the below described premises, this Corporation, owner of said premises, hereby gives you Sole Right and the Exclusive Agency for the sale of same, together with houses erected, or to be erected thereon, at a price of $14,990.00, or such other price as we may accept on the following terms and conditions: Your commission shall be the sum of three hundred and fifty ($350.00) dollars per house, payable at closing of title.

This agreement shall be for a period of 60 days from the date hereof, however, in the event you shall sell less than four (4) houses during the thirty (30) day period starting the first day of July, and four (4) houses during the thirty (30) day period thereafter,

this Corporation shall have the right to terminate this agreement upon five (5) days notice to you by registered mail.

DESCRIPTION OF PROPERTY: Block 367 lots 13, 14, 15, 16, 17, 18, 19, 20 on assessment map of Township of Teaneck."

Between June 28, 1955 and August 27, 1955 the defendant Bergton sold the seven parcels of land. Written contracts were executed between Franmar Realty Co. and the several purchasers. Each of the contracts contained the following provision:

"COMMISSION AGREEMENT: The owner/seller of the herein described premises recognizes B. J. Bergton as the broker negotiating this agreement and agrees to pay and hereby assigns to him a commission as per agreement previously entered into by said parties." (In some the phrase is "the undersigned owner.")

On July 1, 1955, Franmar Realty Co. mortgaged the property to one Jacob Moskow, which mortgage was recorded on July 6, 1955. On December 28, 1955 the lands were mortgaged to the Midland Park Lumber & Supply Co., Inc., which mortgage was recorded on the same day. On December 29, 1955 the Franmar Realty Co. obtained from Underwriters Trust Company a construction mortgage which was recorded on that date and to which the other two mortgages were subordinated. On January 4, 1957 eight lien claims in favor of Midland Park Lumber & Supply Co., Inc., covering the several tracts, were filed.

In October of 1956 the Commonwealth Trust Company of Union City, being about to grant individual mortgages upon the seven tracts of land, retained the plaintiffs to make title examinations of the property, preparatory to the placement of permanent mortgages. On October 30, 1956 the defendant Bergton, in writing, notified the plaintiffs and the several purchasers under contract, of his claim of $350 payable from the purchase price of each of the respective tracts, and demanded that that sum be paid to him from the proceeds of each of the sales.

On January 21, 1957 Franmar Realty Co. was adjudicated a bankrupt. On June 14, 1957 the trustee in bankruptcy

conveyed all his right, title and interest in the real property in question to the defendant Hoffman. The conveyance was made subject to the various liens of record and to the rights of purchasers under the contracts for the sale of the various parcels of land.

The purchasers demanded deeds in accordance with the terms of the various contracts. Closings were had in the offices of plaintiffs. From the purchase price of each of the seven tracts plaintiffs withheld the sum of $350, for a total of $2,450, the amount asserted to be due him by the defendant Bergton. Both Bergton and Hoffman claim the $2,450. Plaintiffs thereupon filed this complaint for interpleader. In my opinion they are entitled to a judgment. Bergton and Hoffman have moved for summary judgment. The facts as recited above are not in dispute.

Upon the execution of the respective contracts for sale, the amount claimed by Bergton became due. *Kram v. Losito,* 105 *N. J. L.* 588 (*E. & A.* 1929) ; *Dermody v. New Jersey Realties,* 101 *N. J. L.* 334 (*E. & A.* 1925).

When the several contracts of sale were executed there was an appropriation of the sum of $350 to Bergton. Franmar Realty Company did not retain any control over the fund, any authority to collect it nor any power of revocation. In my opinion there was an equitable assignment to Bergton of the amounts so appropriated. The fact that the money was not immediately payable did not alter the situation. *Cogan v. Conover Manufacturing Co.,* 69 *N. J. Eq.* 809 (*E. & A.* 1905) ; *Hirsch v. Phily,* 4 *N. J.* 408 (1950).

Since the assignment was made more than four months before the filing of the petition in bankruptcy, it survived the bankruptcy of Franmar Realty Co. As a result, the $2,450 is payable to the defendant Bergton.

Judgment accordingly.